UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL JEROME LEWIS,

Plaintiff,

v. Case No. 3:26-cv-757-JEP-SJH

J. GEROW, et al.,

Defendants.

---

**ORDER**

Plaintiff Samuel Jerome Lewis, an inmate of the Florida Department of Corrections, is proceeding on a pro se Amended Complaint for Violation of Civil Rights ("**Amended Complaint**," Doc. 5). Plaintiff sues the following Defendants in their individual and official capacities: (1) Sergeant J. Gerow; (2) Sergeant Cotton; (3) Sergeant C. Nelson; (4) Sergeant Gosnell; (5) Naomi Jones (Grievance); (6) Clo M.G. Miller (Grievance Coordinator); (7) Registered Nurse Hall (Centurion Medical); (8) Officer Moore; (9) Officer Sumner; (10) Officer Leemaster; (11) Ms. Griffiths (Head of Aramark kitchen staff); (12) Warden Warren Reddish; (13) Union C.I. Corporation; and (14) Officer Woods. (*Id.* at 2–4).

The gravamen of the Amended Complaint is that Defendants failed to provide Plaintiff with no-soy diet and proper medical treatment during his

incarceration at Union Correctional Institution ("**Union C.I.**").[1] (*Id.* at 4–7). Plaintiff alleges that as soon as he arrived at Union C.I. on February 3, 2026, he spoke with Nurse Hall and Sergeant Nelson about his "serious allergies" and no-soy diet pass from Columbia C.I. Annex, and asked them to pass that information to Aramark kitchen staff. (*Id.* at 7). Then, Plaintiff makes the following confusing statement: "But each and every day[,] each [D]efendant besides [Sergeant Nelson] and [Sergeant Gosnell] made sure that my diet tray was right. Both Sergeants deserve a recommendation as [Lieutenant] for saving my life." (*Id.*).

The rest of Plaintiff's allegations are based on events that occurred on February 13, 2026, when Sergeant Gerow brought Plaintiff a regular food tray. When Plaintiff saw the tray, he explained he was allergic to soy, presented his no-soy diet pass and no-soy diet master menu from Columbia C.I. Annex, and asked Sergeant Gerow to verify with the kitchen staff whether it was a no-soy tray. (*Id.* at 6). Sergeant Gerow pointed to the no-soy label and they "both went back and forth debating about the tray." (*Id.*). Although Sergeant Gerow eventually agreed to verify the tray with the kitchen staff, Plaintiff alleges he never did nor did he ask the kitchen staff to fix the tray. (*Id.*).

[1] While Plaintiff alleges his claims arose at Marion C.I. on May 24, 2023, he appears to sue Defendants employed at Union C.I. based on events that occurred at Union C.I. on or around February 13, 2026. (Doc. 5 at 5–6).

It appears that Sergeant Gerow left the dorm and when he returned, Plaintiff inquired about the tray. (*Id.*). Sergeant Gerow became "argumentative" and ordered both Plaintiff and his "bunkie to strip [their] clothes for a cell search." (*Id.* at 6–7). While Plaintiff's allegations are difficult to discern, it appears that Sergeant Gerow, Officer Moore, and Officer Sumner participated in the search and "destroy[ed] the room." (*Id.* at 7). When Plaintiff saw Sergeant Gerow and/or Officer Moore going through his legal documents and mail, he told them they were committing a federal violation. (*Id.*). At some point, Plaintiff and his "bunkie" were escorted to the showers and then back to their cell. (*Id.*). Based on these events, Plaintiff alleges he was "berated" and "handcuffed" about his no-soy diet. (*Id.*).

Further, Plaintiff alleges that unidentified facilities staff, medical personnel, security officers, and associated employees were all negligent because they violated the Allergy Food and Health Awareness Policy. (*Id.*). Plaintiff complains that the lack of care has exacerbated his "medical ailment" into a "permanent medical condition"; he has been diagnosed with MSRA due to food intoxication; he had to undergo a "secondary surgery"; and doctors have told him that he would also need a "primary surgery." (*Id.*). As relief, Plaintiff asks for nominal, punitive, and compensatory damages; injunctive and declaratory relief; full medical care; and copies of his no-soy diet pass and master menu #5 so he can verify the trays. (*Id.* at 7–8).

The Prison Litigation Reform Act requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). The factual allegations in a complaint must be

"simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). All reasonable inferences should be drawn in favor of the plaintiff. *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). While "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). Further, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v. Henry Cnty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (unpublished but persuasive) (quotations and citation omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham*

*v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a section 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); *Porter v. White*, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Construing Plaintiff's allegations liberally,[2] the Court will dismiss the Amended Complaint without prejudice pursuant to the Court's screening obligation. As an initial matter, Plaintiff's Amended Complaint does not give Defendants an adequate notice of the claims against them by explaining what each person did or failed to do as part of the alleged constitutional deprivations. In fact, Plaintiff's allegations are so internally inconsistent that it is unclear whether "each [D]efendant besides [Sergeant Nelson] and [Sergeant Gosnell] made sure that [Plaintiff's] diet tray was right," or, as alleged in the next sentence, Sergeant Nelson and Sergeant Gosnell "deserve a recommendation . . . for saving [Plaintiff's] life." (Doc. 5 at 7).

[2] In assessing a pro se party's pleadings, the court must read the allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham*, 654 F.3d at 1175.

Even ignoring this inconsistency, Plaintiff has failed to state a plausible claim for relief. First, to the extent he alleges that Sergeant Gerow failed to verify his no-soy food tray or ask the kitchen staff to fix it, such allegations may sound in negligence, but the Constitution is not implicated by a defendant's negligent acts. *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). In addition, to the extent Plaintiff attempts to raise an excessive force claim against any of the three Defendants who participated in the cell search, there are no plausible allegations that force was used "maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Further, to the extent Plaintiff attempts to bring a medical deliberate indifference claim, he fails to identify the persons responsible for the lack of care and their respective roles in the alleged constitutional deprivations. Finally, to the extent Plaintiff alleges that unidentified parties violated the Allergy Food and Health Awareness Policy, a violation of a policy, alone, is insufficient to state a claim. *See Sandin v. Conner*, 515 U.S. 472, 481–82 (1995) (recognizing that prison regulations are "not designed to confer rights on inmates"); *see also Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence."). Based on the

foregoing, Plaintiff's Amended Complaint will be dismissed for failure to state a plausible claim for relief. Plaintiff may pursue any plausible claims by initiating a new civil rights action.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Amended Complaint (Doc. 5) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Samuel Jerome Lewis, #G91625